UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK TEUFEL and RFC, INC. d/b/a RESOURCE FINANCIAL CORPORATION, an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL R. STEPKE,<br><br>Defendant. | Case No. 11-CV-07159<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Defendant Russell R. Stepke has filed a motion, seeking to disqualify Attorney William M. McErlean and his firm, Barnes & Thornburg, LLP, from representing Plaintiffs Mark Teufel and Resource Financial Corporation in their suit filed against Defendant.[1] For the reasons presented below, Defendant's Motion to Disqualify Plaintiffs' Counsel is denied.

## BACKGROUND

According to the Defendant's Motion, Plaintiff RFC, Inc. ("RFC") was founded in 1980 by Defendant, who is a lawyer. Plaintiff Teufel later joined RFC as an employee and eventually became 50-percent shareholder in the company. Attorney William M. McErlean is a partner at the law firm of Barnes & Thornburg, LLP. Attorney McErlean and the firm of Barnes & Thornburg, LLP ("Plaintiffs' Counsel") now represent the Plaintiffs in the underlying dispute among RFC, Teufel, and Stepke. Plaintiffs' Counsel

---

[1] In Plaintiffs' Complaint, Plaintiffs allege: (1) conversion, (2) breach of contract, (3) breach of fiduciary duties, and (4) fraud on the part of Defendant.

has previously provided legal counsel to Plaintiff RFC in other actions where RFC was a plaintiff to recover fees from third parties. Pl. Resp. at 2. Plaintiffs' Counsel has also previously represented Defendant's wife in a partnership dispute in Cook County. Def. Mot. at 2. Defendant alleges "[b]ecause of [Defendant] Stepke's legal background, he and [Plaintiffs' Counsel] McErlean communicated frequently about the litigation [involving Plaintiff RFC] and, together, developed strategies and procedures . . . [a]s a result, [Plaintiffs' Counsel] is in a unique position of knowing [Defendant's] approach to litigation, negotiation, and settlement." Def. Mot. at 2. Because of this previous and ongoing relationship among Plaintiff RFC, Defendant Stepke, and Plaintiffs' Counsel, Defendant seeks to have Plaintiffs' Counsel disqualified from this case and asserts Local Rule 83.51.9(c)(1) as the basis of this disqualification.

## LEGAL STANDARD

Defendant argues Plaintiffs' Counsel should be disqualified from the underlying action pursuant to Local Rule 83.51.9, governing the conflicts of interest involving former clients, which states:

> (c) A lawyer who has formerly represented a client in a matter or whose present or former law firm has formerly represented a client in a matter shall not thereafter:

> (1) use information relating to the representation to the disadvantage of the former client except as LR83.51.6 or LR83.53.3 would permit or require with respect to a client, or when the information has become generally known.

N.D. Ill. R. 83.51.9(c)(1). The application of this rule is necessarily dependent on the facts of a particular situation. The Committee Comment for this rule explains that "[t]he underlying question is whether the lawyer was so involved in the matter that the

subsequent representation can be justly regarded as a changing of sides in the matter in question." N.D. Ill. R. 83.51.9, Committee Comment. Note that this particular provision, 83.51.9(c), differs from sections (a) and (b) of Local Rule 83.51.9. Both sections (a) and (b) of this rule expressly state that an attorney *shall not represent* another person in: (a) "the same or a substantially related matter in which the person's interest are materially adverse to the interests of the former client" or (b) "the same or substantially related matter in which the firm with which the lawyer formerly was associated had previously represented a client." *See* N.D. Ill. R. 83.51.9(a)-(b). However, nothing in the language of Rule 83.51.9(c)(1) indicates that the attorney shall not or cannot represent a client in a matter in which a former client is now an adverse party.

In assessing a motion to disqualify, the Court must consider the need to enforce conduct rules so as to maintain "public confidence in the propriety of the conduct of those associated with the administration of justice" and prevent the "drastic measure" of disqualification from being abused. *Commonwealth Insurance Co. v. Stone Container Corp.*, 178 F.Supp.2d 938, 943 (N.D. Ill. 2001). "The moving party 'bears a heavy burden of proving facts required for disqualification.'" *Id.* (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 794 (2d Cir. 1983).

## ANALYSIS

*Defendant Is Not a Former Client; Conflict Does Not Exist*

Defendant has failed to establish he personally was a former client of Plaintiffs' Counsel, a necessary element in showing a conflict exists. Defendant explains Plaintiffs' Counsel represented the corporation, RFC, on multiple occasions. However, Defendant

3

argues Plaintiffs' Counsel "knew he was representing the individual interest of [Defendant] Stepke and [Plaintiff] Teufel," rather than the interests of RFC. Def. Mot. at 2. However, the fact remains that Plaintiffs' Counsel was under the employ of the Plaintiff corporation, not under the employ of Defendant Stepke in his individual capacity. Even Defendant concedes "[Plaintiffs' Counsel] never technically represented [D]efendant." Def. Mot. at 3. While Defendant alleges there was "no genuine, separate corporate entity," the business was specifically organized as a corporation. Pl. Resp. at 5. The Local Rules provide further guidance on this, stating, "a lawyer employed or retained by an organization represents *the organization* acting through its duly authorized constituents." N.D. Ill. R. 83.51.13(a) (emphasis added). Plaintiffs' Counsel never represented Defendant individually; as such, Defendant cannot be considered a "former client" of Plaintiffs' Counsel pursuant to Rule 83.51.9. Thus, Defendant cannot show a conflict of interest.

Defendant also argues there is an "appearance of impropriety" in Plaintiffs' Counsel's representation of Plaintiffs. Defendant may take issue with Plaintiffs' Counsel's representation of Plaintiffs in this case, but the alleged appearance of impropriety is simply not enough to have Plaintiffs' Counsel disqualified. The Committee Comments of the rules specifically reject this premise: "the appearance of impropriety can be taken to include any new client-lawyer relationship that might make a former client anxious. If that meaning were adopted, disqualification would become little more than a question of subjective judgment by the former client." N.D. Ill. R. 83.51.9, Committee Comment. It is not enough for Defendant to see an appearance of

impropriety; rather, the Court must find that Plaintiffs' Counsel's position in this matter can be regarded as "changing sides." *Id.* The only previous representations of RFC by Plaintiffs' Counsel involved fee disputes with third parties. Plaintiffs' Counsel's current representation of Plaintiffs does not indicate Plaintiffs' Counsel has changed sides; on the contrary, they are continuing to represent their former client (Plaintiff RFC) in addition to Plaintiff Teufel.

*Rule Invoked by Defendant Does Not Require Disqualification of Counsel*

Furthermore, even if Defendant were a former client of Plaintiffs' Counsel, Defendant's Motion to Disqualify Plaintiffs' Counsel under Rule 83.51.9(c)(1) must fail because this rule does not provide for a disqualification of an attorney. The other provisions of Rule 83.51.9 indicate that if the suggested conflict exists, the lawyer shall not represent the client in the underlying dispute. However, nothing in the language of Rule 83.51.9(c)(1) indicates that the attorney shall not or cannot represent a party against a former client. Rather, the language of Section (c) of this rule only prevents an attorney from using information ascertained in previous representations to the disadvantage of the former client going forward. Applying this to the instant case, the rule Defendant invoked simply instructs Plaintiffs' Counsel (if they were deemed to have represented Defendant, which they are not) not to use information they have previously learned about the Defendant to his disadvantage. Sections (a) and (b) of Rule 83.51.9 expressly prohibit a lawyer from representing a client in specific instances, but the language of Section (c) does not. There is no indication from the language of the rule or the Committee Comments that the drafters intended to include an element of disqualification

5

in Section (c) of Rule 83.51.9, and Defendant makes no argument in support of this. *See Commonwealth Ins. Co. v. Stone Container Corp.*, No. 99 C 8471, 2002 WL 385559 at *3 (N.D. Ill. March 12, 2002) (*Stone Container*). The court in *Stone Container* also declined to extend the language of this provision to include a requirement of disqualification. "We see no reason to ignore this distinction [where Sections (a) and (b) provide for disqualification, but Section (c) does not] in the text of those rules, or to assume that the drafters inadvertently omitted from . . . a prohibition they intended to include. . . [Section (c)] does not create an independent basis for disqualification." *Stone Container*, 2002 WL 385559 at *3. Therefore, this Section does not provide a basis for disqualification.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Disqualify Counsel under Rule 83.51.9(c)(1) is denied. Plaintiffs' request they be awarded costs and fees is denied.

Date: January 4, 2012

JOHN W. DARRAH
United States District Court Judge